Public Document Number: 7017 1070 0000 8749 4155
& USPS Tracking Number:

FILED

IN THE UNITED STATES DISTRICT COURT

CASE NUMBER: 6:18-CV-1397-ORL-18KRS

2018 AUG 23  PM 4:07

|  |  |  |
|---|---|---|
| Joshua Asseraf, In Proper Person, Claimant/Plaintiff | § | Claim No. JA-20180618-01 |
| v. | § § | Case No. 16-60234-cr-DTKH & others |
| UNITED STATES OF AMERICA, Jointly and Severally Successors and Assigns, Defendant/Respondent | § § § § § § | VERIFIED COMPLAINT AND SUMMONS  JURY TRIAL DEMANDED |

## CLAIMANT'S VERIFIED STATEMENT

1.    This is an action in which the Claimant/Plaintiff seeks remedy and relief for the Defendant/Respondent's violation of his rights secured in the United States Constitution of 1787, the Bill of Rights, the Declaration of Independence and also First, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Amendments thereto. The Claimant/Plaintiff also invokes his rights secured in the Fourth Amendment and in the Constitution's of the Commonwealth of Massachusetts and the State of Florida. This action is also an action brought under the Federal Tort Claims Act for damages for personal injuries suffered by him as Claimant/Plaintiff as a result of discriminatory, prejudicial, arbitrary, negligence, and official malpractice by indifferent practices of the Defendant/Respondent UNITED STATES OF AMERICA through its agents, servants, attendants, employees and ancillary staff. The Claimant/Plaintiff also seeks damages, both compensatory and punitive, affirmative and equitable relief, and award of costs and attorneys fees and other relief as this Court deems just and proper as the law permits.

## JURISDICTION

2.    This action is brought pursuant to the United States Constitution of 1787, The Bill of Rights, the Declaration of Independence and also the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Amendments thereto.

1

This action is also brought pursuant to 28 U.S.C. §1331 and §1343(a)(3) and
(4). This being an action seeking redress of grievances for the violation
of the Claimant/Plaintiff's rights in the organic instruments and Acts of
Congress on civil rights.

3.    The Plaintiff/Claimant further invokes the Court's supplemental jurisdiction
pursuant to 28 U.S.C. §1367 over any and all state law claims as against any
and all relevant parties, pertinent to claims in this action within the original
jurisdiction of this Court that they form part of the same case or controversy.

4.    This action is also brought under the Federal Tort Claims Act as herein
more fully appears. Claimant/Plaintiff is a natural born citizen of France.
and is covered under the organic instruments pertaining to the rights therein.
This matter in controversy exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000.00 USD).

5.                    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    Claimant/Plaintiff states and asserts that Justice Ginsberg ruled that a
private right of action for violation of federal rights under the color of
law need not exhaust administrative remedies before filing suit in court.
See Porter v. Nussle 534 US 516 (2007) at Hn2.

6.    Claimant also alleges and asserts that Constitutional deprivations once
fell within the realm of exhaustion of administrative remedies but it is no
longer within this general rule.  See Wilwording v. Swenson 404 US 249 251
(1971) (Per Curiam).

7.    Claimant/Plaintiff states and asserts that for these reasons noted above
and pursuant to several circuit courts of appeal hold that a party seeking
to enforce constitutional rights or a favorable decision need not exhaust
administrative remedies before filing suit in court of law. See Judge Fisher,
DE v. Cent Dauphin Schl Dist 765 F3d 260 (CA3 2014) at Hn18, and

8.    Claimant/Plaintiff states and asserts that the filing of a BP-8, BP-9, BP-10, BP-11 et. al. is not allotted or associated with this claim as the agency to which these are directed for the reccommended remedy by this Court or any other court cannot be given by the agency, as only a court of law and not an agency such as the Federal Bureau of Prisons can discharge this Claimant/Plaintiff. Such efforts to remedy through this agency are moot and futile.

<u>JURY TRIAL DEMANDED</u>

9.    Claimant/Plaintiff demands a jury trial on each and every one of his claims as pleaded herein, as he is a private citizen appearing In Pro Per, In Proper Person.

<u>VENUE</u>

10.   The venue is proper for this United States District Court in the state of Florida pursuant to 28 USC §1391(a), (b), (c) as the violations occured in this state.

<u>PARTIES</u>

11.   Claimant/Plaintiff, Joshua Asseraf is currently a prisoner at LSCI Allenwood, PO Box 1000, White Deer, Pennsylvania 17887.

12.   Defendant/Respondent is the UNITED STATES OF AMERICA, hereafter referred to USA herein, including all agents, servants, attendants, employees & affiliated.

13.   At any and all times hereafter mentioned, the Federal Bureau of Prisons, hereafter BUREAU, is a government agency authorized under the laws of the United States of America. It is also authorized to maintain its agents and employees in the areas of law enforcement including its servants, attendants, contractors, and staff for which it is ultimately responsible. The staff of the Bureau include the Department exhibiting the alleged discriminatory practices contrary to Bureau policy statements which state that employees of the Defendant/ Respondent must treat the Claimant/Plaintiff with equal protection and remedy.

14.   Defendant/Respondent USA through its agency Bureau assumes that any

3

all risks incidental to the supervision, operation and maintenence of LSCI
Allenwood in White Deer, Pennsylvania and any other affiliated facilities
in Florida which this Claimant/Plaintiff was housed including their staff,
attendants, servants, employees, contractors and personnel.

### NOTICE OF CLAIM

15.   Claimant/Plaintiff has filed numerous notices with the Court and his
counsel of record on the information and belief that what the Bureau was doing
and its associated agents was unconstitutional. Many months passed and had
lapsed since the filing of such claims both written and oral, yet such remedies
due have been denied, neglected or refused by silence which is fraud. See
US v. Tweel 550 F2d 297 299-300.

16.   Claimant/Plaintiff filed supplemental notices with various offices of
the Bureau, which upon information and belief was entered into their records
detailing the events complainted of herein. Many months have passed and elapsed
since such filings and again such remedy was denied, neglected, or refused
by silence which is fraud.  See Tweel Supra.

### CLAIMANT'S ADDITIONAL VERIFIED FACTS

17.   That at any and all times Claimant/Plaintiff was incarcerated under
the supervision and authority of the Federal Bureau of Prisons during the
violations here alleged.

18.   That on the Claimant's/Plaintiff's arrest said agents of the United
States and other agencies affiliated thereto did arrest by improper, illegal
and unconstitutional documentation as outlined in the associated COMPLAINT
UNDER SEPARATE COVER sent to this Court to adjudicate the judgment of the
Defendants/Respondents as being void, a nullity in law. See 98 US 61.

19.   Since the length of time from the arrest until this present day, Claimant/
Plaintiff has been denied equal access to the courts which violates Bureau
policy and fundamental rights and practices.

4

20.   That beginning with the arrest, this Claimant/Plaintiff made contact
with unknown and unnamed Bureau staff and other law enforcement officials
who repeatedly and consistently gave no fundamental reason for their action,
contrary to the Constitutions, federal and state.

21.   Claimant/Plaintiff as stated prior made several complaints seeking access
and equal protection under the law and Bureau policies. But nothing was achieved
equivalent to his fundamental rights. Claimant/Plaintiff was bypassed and
circumvented of his right to exercise his remedies without any justification
as required by Bureau policy. The experience of being arrested with unjustified
action which include the use of arbitrary and manufactured elements in law
and beyond the authority and specified boundaries as provided in Article I,
Section 8, Clause 17 of the United States Constitution regarding territorial
jurisdiction is irrefutable and actionable, along with usurpation of commerce.

22.   Claimant/Plaintiff claims and asserts that Bureau staff failed at any
and all times to treat and remedy these fundamental issues by denying equal
access and protection under policy and law, which clearly provides such remedies
in relief for this exact issue, resulting in anxiety and undue strain and
tension. This resulted in the Bureau consistently and continuously exhibiting
failure to respond to the most minimal fundamental requests and remedies that
the Claimant/Plaintiff made to staff, servants, employees, and contracts thereto.
The Claimant/Plaintiff because of the violations and consistent failures to
remedy as Bureau policy and Constitutional law mandates, did require him to
inquire, request,beg, claim and appeal for some sort of reasonable resolution
of Bureau staff why he was being unjustly denied his rightful equal protection
and access under the laws he quotes as his remedy. Had it been done according
to law and policy, this Claimant/Plaintiff would have successfully been discharged.
The failure of Bureau staff and prior law enforcement officers associated hereto
to even investigate and moreover properly remedy this matter as law and policy

5

dictates is the violation of the Claimant/Plaintiff's rights in the Constitutions Federal and State.

23.   Claimant/Plaintiff states that it is the consistent and perpetual Bureau policy and Constitutional law that any and all persons of this country be given equal access and opportunity as outlined in the organic instruments to remedy and relief of any and all violations by the Defendants/Respondents. This matter requires no special mental or intellectual skills to decipher. Bureau policy and Constitutional law practices require reasonable justification on valid and factual substance why this Claimant/Plaintiff was bypassed and circumvented of every fundamental right in his favor. This is a negligent action which is selective and prejudicial towards the Claimant as this was never done. It is a discriminatory and arbitrary practice to abandon Bureau policy and Constitutional Law governing this exact and explicit action, which is the negligentt and deliberate indifference present.

24.   Claimant/Plaintiff states that up to this filing Defendant/Respondent USA has provided insufficient justification to him inconsistent and contrary to BUREAU policy and fundamental law regarding the illegal use of US code inconsistent with the statutory definition from an act of Congress, territorial jurisdiction, insufficient documents for arrest and arbitrary and discriminatory elements manufactured by the United States agents, employees and contractors to confine and restrain his person and property. These constitutional and policy protections were put into place by design to immediately remedy any matters such as this in the Claimant/Plaintiff's favor. Where the Defendant/Respondent denies due process, remedy, and procedural relief expressed in law or policy, it is a defect and error of Constitutional magnitude. Based upon the foregoing and the COMPLAINT served under separate cover to this Court the Claimant/Plaintiff charges the Defendant/Respondent, USA, with the following violations to wit:

FIRST CLAIM

LIABILITY OF THE UNITED STATES OF AMERICA
FOR CONSTITUTIONAL VIOLATIONS OF RIGHTS

25.   The Claimant/Plaintiff incorporates by reference set forth in all preceding paragraphs as is fully set forth herein.

26.   By their conduct and actions in the Defendant/Respondent denying Claimant/ Plaintiff equal access and remedy the Bureau staff, agents and employees have violated the First Amendment to a hearing on this matter and to remedy and relief as policy and law dictate. They have violated the Fourth Amendment to have the Claimant/Plaintiff's person and property secured in his home and other places. They have violated the Fifth Amendment of Due Process in which the Bureau has denigrated the Claimant's rights and fundamental law. They have violated the Sixth Amendment by failing to promote and secure equal protection under the law and policy on this matter to the Claimant. They have violated the Seventh Amendment on this matter by consistently denying a right to civil hearing and conclusion. They have violated the Eighth Amendment by inflicting unusual procedure, delay, silence and confinement contrary to the immediate relief expressed in law. They have violated the Ninth Amendment by disturbing the peaceful and lawful order of a policy and law resolution expressed in the direct intent of Bureau policy statements and constitutional law. They have denied this Claimaint/Plaintiff's rights in the Tenth Amendment as the Defendant/Respondent assume authority unexpressed in the Constitution by cumulatively acting in a malicious and nefarious manner through their silence and unsubstantiated acts. Also providing spurious and hyperbolic answer when confronted which is contrary to resolution in the Claimant/Plaintiff's favor.

27.   The Defendant/Respondent evades, avoids, and bars this Claimant/Plaintiff from remedy if they construct agendic, administrative or unexpressed activist reply circumventing, restricting, prohibiting and enjoining any portion of the legal remedy to save cost, exposure of fault or personal animus. Absurd

and incomprehensible diversion using epithets and diatribe of internal or
local political avenues steering this Plaintiff/Claimant away from immediate
solution is the defect in policy and law used in the Defendant/Respondent's
advantage or gain. They use the appropriate remedy as bait, navigating the
Claimant/Plaintiff on unexplored and unexpressed frontiers. The policy and
law in this matter is well-settled. The Defendant/Respondents must provide
equal access to law and fundamental rights and if they do not they must provide
valid justification to this Claimant/Plaintiff if this has not been done,
the Defendant/Respondent is lawless and operates in ultra vires. Defendant/Respondent
has unnecessarily extended the process of remedy in hopes that this Claimant/plaintiff
will retire or quit petitioning to acquire the remedy or relief. This is a
cruel and inhumane disregard by unlawful action of Bureau policy and law,
consisting of arbitrary and prejudicial practices causing injury by the Defendant/
Respondents agents, servants, employees and contractors, jointly and severally
successors and assigns. The Claimant/Plaintiff rights are clear and in plain
language in Bureau policy and in the Constitutions, federal and state. Equal
access and equal protection of the laws are guaranteed and secured by the
founders and the authors of Bureau policy as per the Congressional record
and the Constitutions. Defendant/Respondent by and thru its agents, attendants,
employees, contractors and staff must adhere to practices and procedures which
align with fundamental rights. Such practices and procedures are counter-intuitive
and juxtaposed to that which is sacrosanct is lawless. The Defendant/Respondent
acted under the color of law with deliberate indifference to Claimant/Plaintiff's
rights, benefits and privileges using Bureau policy and fundamental law in
an unconstitutional succession of sequences against him causing prejudice
and discrimination plus other violations to flourish. These are rights enshrined
in the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Amendments.

28. At any and all times, and as a direct result of the foregoing, Claimant/Plaintiff was denied and deprived of proper treatment and suffered specific and serious injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

29. At any and all times to this complaint, Defendant/Respondent acted through its agents, servants, employees, contractors, staff and successors to enforce, apply, interpret, direct, advise, and demand that this Claimant/Plaintiff utilize an alternative street or gateway to resolve what is clearly and plainly secured, guaranteed, and expressed in Bureau policy and the Constitutions, federal and state. The Defendant/Respondents actions are the proximate cause of unconstitutional and defective Bureau polciy authority and illegal conduct as alleged herein including:

> (a) refusal to provide Claimant/Plaintiff with proper, prompt and adequate treatment and remedy including refusal to correct and cure by a mandated procedure outlined in Bureau policy and law;
>
> (b) infliction of pain and suffering on the Claimant/Plaintiff including refusing to render equal access, opportunity and legal remedy;
>
> (c) and other modes of illicit process outlined and detailed herein and in the corresponding COMPLAINT served under separate cover describing the Defendant/Respondents actions of preventing, delaying and barring remedy and relief.

Each and every such policy and law usage by the Defendant/Respondent inacting is contrary to proper implementation of the correct remedy and relief in this matter, violating the United States Constitution and the First, Fourth, Fifth Sixth, Seventh, Eighth, Ninth and Tenth Amendments thereto.

30. As a result of the foregoing, Claimant/Plaintiff was deprived and denied equal access and protection under the laws he cites as his remedy where he suffered exacting and explicit prejudice, discrimination and arbitrary use

9

of law. Contrary to standard accepted practices of Bureau policy and fundamental mandates. Such deprivations and delays of remedy and relief by the Defendant/ Respondent exposed the Claimant/Plaintiff to costs, expenses and otherwise damages through injury sustained by the Defendants/Respondents.

SECOND CLAIM
OFFICIAL LAW AND POLICY MALPRACTICE

31.    The Claimant/Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.    By the actions described above and herein, Defendant/Respondent failed to timely remedy this matter after repeated requests, attempts and complaints . Claimant/Plaintiff was exposed to unnecessary and unlawful conditions of policy and practice opposed to standing black letter law and Bureau policy governing this very issue. Defendent/Respondent failed at every turn to adequately institute equal access and protection under the law. As a direct result, Claimant was deprived and denied a legal umbrella as was given to persons in same or similar situations before him. This is the proximate cause by illicit actions of policy behavior and fundamental law causing injury by procedural prejudice and selective discrimination of illegal practices, inflicting injury and damages to the Plaintiff's constitutional rights, benefits and privileges.

33.    That at any and all times mentioned, Defendant/Respondent USA was responsible for its policies, practices and functions, including screening, hiring, training, supervision, and continued employment and control at all federal holding and incarceration institutions through its agents, attendants, servants, employees, and staff displaying and enacting behavior and conduct unfit for their position and authority entrusted to them.

34.    That at any and all times hereinafter mentioned, the Claimant/Plaintiff was and is being held by an institution of involuntary means under the control of the Defendant/Respondent USA through its agents, attendants, employees

and staff who undetook an oath and commission to skillfully and properly treat
and remedy the Claimant/Plaintiff according to the United States Constitution,
Florida Constitution, other State constitutions and Bureau policy only, not
some arbitrary agenda and actions contrary. Procedural remedy and relief must
be rendered or improper service and favor is dispensed by unworthy and illegal
method including but not limited to care, concern and cure of the Claimant/Plaintiff's
rights by prejudicial and discriminatory practice and procedure at such institutions,
their agents, policies and practices.

35.    That at any and all times hereinafter mentioned, Defendant/Respondent
USA its agents, servants, attendants, employees and staff during said period
of time of this matter committed official law and policy malpractice causing
injury to the Claimant/Plaintiff.

36.    That the Defendant/Respondent USA, its agents, servants, attendants,
employes and staff at the institutions where the Claimant/Plaintiff is and
was being housed otherwise failed to properly treat and relieve Claimant/Plaintiff
of this matter. Defendant/Respondent failed to recognize the symptoms and
metasticization of prejudice and discrimination in their environment in which
the Claimant/Plaintiff was complaining. Defendant failed at every juncture
to adequately treat, remedy and relieve the signs and faces of prejudicial
and discriminatory hiring processes, which the Claimant/Plaintiff was exposed
to, and from which he now suffers. Defendant/Respondent failed to specifically
perfrom proper and explicit diagnosis and analysis to determine even the cause
of the prejudice and bias which is sinister and hurtful by a personal bigotry
of outright exclusion of a person or class of persons in distributing who
gets what benefit, privilege or remedy, and when. It is not a decision based
upon qualifications and educational merit but one of an inimicable prelate
and gatekeeper whose bent and insular actions are of exclusion by choice and
sapience. Defendant/Respondent failed to timely recognize the anxiety caused,

11

exclusion experienced and damage and injury performed upon the Claimant/Plaintiff
counter to the countless decrees, dictates and mandates in BUREAU policy and
fundamental law. Defendant/Respondent failed to timely deliver and implement
said remedy in fundamental law and Bureau policy to Claimant/Plaintiff, which
deviated from good moral and soundly accepted and approved Bureau policy and
fundamental law. The Congressional intent of the law is the only law upon
which the prosecution can sit a grand jury and execute indictment documents.
Article I, Section 8, Clause 17 of the United States Constitution concerning
the territorial boundaries of the United States and its implementation in
the Court record are constitutional mandates which cannot be usurped or trounced.
These are the standards, customs and practices which must be enforced for
the Claimant/Plaintiff, not absent of them. Claimant/Plaintiff is Joshua Asseraf
without fault on this issue as enforcing ones rights hurts no one.

37.     That the aforementioned occurances represent a reckless, careless and
negligent concern by silent disregard to treat, diagnose and remedy a matter
which Bureau policy and fundamental law states is lawless and void. This Claimant/
Plaintiff must be provided equal protection of law and Bureau policy or these
expressed is nothing but ink on pages to please the bureaucrat. Equal access
and remedy enforcement initiatives are the constitutional and political proclamation
which must be afforded and furnished to this Claimant/Plaintiff by this Bureau's
agents, servants, employees, contractors and staff along with those affiliated
in tandem. Claimant/Plaintiff experienced unnecessary and superfluous neglect,
 official legal and policy malpractice and radical deviation from the only
approved and accepted constitutional and Bureau policy practices rendered
to those under their supervision and membership.

38.     That the Defendant/Respondents USA and its agents, servants, attendants,
employees and staff at the institutions where Claimant/Plaintiff is and was
being housed rendered a standard of care and equal protection which was sub-

par, inferior, and significantly below any and all accepted and approved norms
herein declared as plicy and law. Defendant/Respondent exhibited illicit and
illegal arbitrary application of law, territorial jurisdiction and unexpressed
elements in any statutory definition or congressional conversations. Nowhere
in express law or Bureau policy does what the Claimant/Plaintiff experienced
from the Defendant/Respondent exist. The treatment and remedy implementation
process of the Defendant/Respondent is and was discriminatory and prejudicial
in its practices and procedures.

39.   That as a result of the aforesaid, Claimant/Plaintiff sustained serious
personal injury, damage, humiliation and unneeded delay by a circuituous schematic
of local origin and not regional or national consensus. Plaintiff/Claimant
continues to suffer pain and anguish for the matter remains unresolved as
of this filing. Claimant/Plaintiff has been made to bare and be subjected
to the loss of pay that would have been received and obtained had the correct
process been applied and constitutionally implemented accordingly with Bureau
policy which is required by the USA, Defendants/Respondents.

40.   As a result of the foregoing, Claimant/Plaintiff was deprived, abridged
and denied his constitutional rights and Bureau policy benefits and priveleges
mandating equal access and opportunity to remedy and relief in a timely manner.
Claimant/Plaintiff incurred useless and needless pain and suffering, anxiety,
illicit subjugation, humiliation, cost and expenses and was otherwise damaged
and injured.

### THIRD CLAIM
#### NEGLIGENCE AND DELIBERATE INDIFFERENCE

41.   The Claimant/Plaintiff incorporates by reference herein the allegations
set forth in all preceeding paragraphs as if fully set forth herein.

42.   Defendant/Respondents exhibited negligence in their duty to equal access
and affording opportunity to remedy and relieve this matter from Claimant/Plaintiff
and as complained and consulted with them by and through their agents, employees,

agents, servants and staff. They were and are now of this filing deliberately
indifferent to the rights, benefits and privileges of the Claimant/Plaintiff
of this issue and as expressed in the corresponding COMPLAINT. Defendant/Respondent
is prohibitedd, barred and is estopped by constitutional law and policy to infringe,
encroach, and abridge and and all duty, redress, and equity due this Claimant/
Plaintiff in this issue that is clearly and obviously in his legal and moral favor.
The acts, conduct, and behavior of the Defendant/Respondents agents, employees,
attendants and staff affiliated were the direct and proximate cause of injury,
prejudice, discrimination, and exclusion from mandated remedy by arbitrary, selective,
and local policy and practice inconsistent with the Constitutions, federal and state.
The Defendant/Respondent by and throught their agents, staff, attendants, employees
and those under their supervision acted in a perverse, practice and procedure
contrary from the accepted and approved methoeds expresedd by Congress, the Constitutions,
and Bureau policy, which are the regent and superior law. Enshrined and embossed
in Bureau policy and also constitutional law are guarantees and securities
in said documents. The Constitution of the State of Florida and other states
of the Union have expressed organic papers which provide and warrant any and
all protections from obvious discrimination.

43.    As the result of the foregoing, Claimant/Plaintiff was deprived of his
Bureau policy benefits and privileges and Constitutional rights of equal access
to opportunities made available to all members of this nation for remedy and
relief, but not dispensed to this Claimant/Plaintiff. Claimant/Plaintiff was
abridged, delayed, circumvented and otherwise neglected by the Defendants/Respondents
staff, agents, attendants, employees, contractors and those affiliated under
their supervision by an unexpressed, unframed and also illicit use of policy
and law to one's own gain escluding others by an ad hoc and/or bootleg application
of procedure is the prejudice and discrimination. Claimant/Plaintiff experience
a different standard applied and implemented against him, his rights, his benefits

and his privileges in Bureau policy and constitutional law meant to be inclusive of all and not exclusive of anyone regardless of race, color, creed, origin, or idea. The set of events of what was supposed to happen in this issue is vastly different from what is inscribed in organic law and in Bureau policy. Claimant/Plaintiff suffered specific and exacting prejudice and discrimination, emotional distress, humiliation, illicit application and implementation of US Code contrary to the statutory definition, usurpation, actions in ultra vires, beyond the boundaries of territorial jurisdiction and other violations of law are the exacting prejudice and discrimination. Costs and expenses and other liabilities were incurred by the Plaintiff/Claimant is the damage and injury.

WHEREFORE, Claimant/Plaintiff demands the following relief against the Defendant/Respondent to wit:

      a. Compensatory damages in the amount of $500,000.00(USD)

      b. Punitive damages in the amount of $20,000,000.00(USD)

      c. The convening and impaneling of a jury to consider the merits of the claims herein;

      d. Pre and post judgment costs, interest and attorneys fees; and,

      e. Such other and further relief as this Court may deem lawful, appopriate and equitable.

Dated August 06, 2018.

Yours, etc.

Joshua Asseraf, In Pro Per
Claimant/Plaintiff
LSCI Allenwood
PO Box 1000/13871104
White Deer PA 17887

<u>CERTIFICATE OF SERVICE</u>

I, the Undersigned did serve upon the party captioned below a VERIFIED COMPLAINT

AND SUMMONS ON CIVIL RIGHTS FOR DAMAGES this 5th day of August 2018 by USPS Tracking

No. 7017 1070 0000 8749 4155.

7017 1070 0000 8749 4155

Respectfully yours,

*Joshua Asseraf*

Joshua Asseraf
Claimant/Plaintiff
In Proper Person

SERVICE OF PROCESS EXECUTED UPON:

COURT CLERK
U.S. DISTRICT COURT
80 N HUGHEY AVENUE
ORLANDO FL 32801

INSTRUMENT SERVED IN THIS PROCESS:

SUMMONS, pgs. 1
COVER PAGE, pgs. 1
VERIFIED COMPLAINT, pgs. 15
CERTIFICATE OF SERVICE, pgs. 1, (Same)

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.

With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +972-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.

With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +972-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.

With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +9 2-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.


With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +9 2-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.

With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +972-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980-1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.


With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +972-52-64613921

Home +972-2-5352615

Eli Eliyahu Cohen, President, EC Advanced Technologies Marketing Ltd

**Former Ambassador of Israel to Japan (2004-2007)**

**Former Knesset Member (Likud 2002-2003)**

August 15th.2018

By Federal Express

For Mr./Mrs. Clerk of the Court

US District Court

80 N. Hughey Ave.

Orlando FL. 32801

Re: Notice of Request to read the appeal of Mr. Joshua Asseraf and to reconsider

Dear Honorable Judge

It is of course not so usual that an Israeli citizen will write such a request, but since I know the father of Joshua, Mr. Michel Asseraf, more than 40 years ago, when he was still living in France, I feel that it is my duty to try and help them find Justice in this tragic and unpleasant situation.

The purpose of this letter is not to give any opinion on the matter or to support with any new evidence, it is only to try and convince the Court to read this appeal as soon as possible, so that the file will not be forgotten among so many appeals that I am sure you are dealing with daily.

While in France, Michel, the father, was an inventor of new technologies, and for 20 years served and acted, voluntarily, as the President of the Black Belt Council of FSK [France Shotokan Karate], parallel to the period that I was the president of the same organization in Israel [1980- 1990], both being affiliated to AMERICAN SHOTOKAN KARATE.

As a president of one of the largest Karate Organizations in France, Michel not only lead and taught karate all over France but also served as a row model for moral and friendship in the society. Which, I am sure, was the way that him and his wife were educating and teaching their kids.

Some members of Michel's family, and Joshua's of course, moved to Israel from France, but Michel and his wife decided to immigrate to the US and to become American citizens.

I urge this court and request from the bottom of my heart to do its best and read this appeal as soon as possible.

With great respect and love to America and to what it stands for.

Eli Eliyahu Cohen

Mevo Horkania 8

Maale Adumim 98421

Israel

Mobile +972-52-64613921

Home +972 2-5352615